Robin L. Haynes, ISB #8425
GIANTlegal PLLC
304 W. Pacific Ave., Ste. 210
Spokane, WA 99201
P: (509) 596-1426
F: (509) 753-7226
robin@giantlegal.net

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRED D. HERMANN, an Idaho Resident, | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| STIMSON LUMBER COMPANY, an Oregon Corporation doing business in the State of Idaho, | |
| Defendant. | |

COMES NOW Plaintiff Fred D. Hermann (hereafter, "Plaintiff" or "Hermann"), by and through his counsel of record GIANTlegal PLLC, and hereby alleges and complains against Defendant Stimson Lumber Company ("Defendant" or "Stimson"), as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual who at all times relevant hereto was a resident of Kootenai County, Idaho.

COMPLAINT: 1

2. Defendant Stimson was at all times relevant hereto, and presently is, an Oregon Corporation. Stimson is also an actively registered corporation in the State of Idaho. Stimson's registered agent is located in Boise, Ada County, Idaho. Stimson operates a lumber mill in Plummer, Benewah County, Idaho. Plaintiff worked exclusively for Stimson at the Plummer Mill.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b)(1) & (2) because Stimson's Plummer location is believed to be its principal place of business in the State of Idaho and because the actions alleged herein all occurred in Plummer, Benewah County, Idaho.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, as the chief complaint arises under the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. §623(a)(1).

## RELEVANT FACTS

5. On August 25, 2016, Hermann was hired by Stimson to work in its Plummer mill. At the time of hire, Hermann was 49 years old.

6. Hermann successfully completed his ninety (90) day probationary period at Stimson and received his first of several pay raises while employed at the mill. Hermann's direct supervisor for his time at the Plummer mill was Rusty Higbee ("Higbee"). Hermann never received a performance evaluation during the course of his employment. Hermann was never disciplined in any way during the course of his employment until his termination.

7. Hermann was a bit of an outsider at the mill. The majority of the other employees had grown up or worked together at other locations and had close relationships. Hermann got along

COMPLAINT: 2

with the majority of his co-workers, and he often carpooled with other employees included P.J. Orsburn ("Orsburn"), Perry O'Brien ("O'Brien"), and Noah Loibl ("Loibl").

8. On or about July 24, 2017, Orsburn complained to Higbee that Hermann had been making sexual gestures towards him and others, including Loibl. Loibl did not make a complaint and did not acknowledge the validity of Orsburn's complaint. On or about July 27, 2017, Higbee interviewed Hermann about the complaints. Stimson employee Jared Brockett ("Brockett") was also in attendance for Hermann's interview. Hermann denied and still denies the allegations, and he raised the issue that O'Brien may have been targeting him and may have compelled Orsburn to make the complaint.

9. On or about July 27, 2017, Higbee and Stimson employee Bryan Taylor ("Taylor") interviewed O'Brien who alleged that Hermann regularly made sexually jokes to Loibl and Orsburn. O'Brien also said that the other "guys" at the mill joke around in a sexual manner or in such a way that could be construed as a violation of Stimson's policies. No women worked at the Plummer mill during Hermann's entire term of employment at Stimson.

10. On that same date, Brockett and Higbee interviewed Loibl who denied the claims and stated words to the effect that no one had exposed themselves to anyone – including him and Orsburn. He admitted that other employees at the mill "talk pretty bad." Loibl made clear that he had no recollection of Hermann doing anything in appropriate to him. Brockett and Higbee then interviewed employee Wade Pankrantz ("Pankrantz"), who admitted he had heard some of the allegations but had never seen or heard Hermann engage in any of the alleged conduct. Employee

COMPLAINT: 3

Tim Sevey ("Sevey"), interviewed by Higbee on that same date, concurred with Pankrantz. Sevey made clear that both Loibl and Orsburn engaged in the same behaviors Hermann was accused of by Orsburn.

11. Higbee and Taylor also interviewed employee Curtis Hammond ("Hammond") on July 27, 2017. Hammond said he had heard that both Loibl and Hermann had engaged in the alleged act of exposing themselves, but he was not aware of whether Orsburn had participated. Hammond added that people needed to "grow up." Following this interview, Higbee again asked Orsburn if Hermann had exposed himself to him. Orsburn said yes, but he also admitted that he had "not intentionally" exposed himself to Hermann.

12. Higbee himself was interviewed by human resources personnel for Stimson. Higbee admitted that Orsburn had engaged in the same behaviors that Hermann had been accused of, and that he "talked with PJ about his performance. …[Higbee] told him [Orsburn] needed to quick (sic) joking about and focus on his work." Higbee admitted to knowing about the joking and comments among the employees prior to Orsburn's complaint. Higbee further admitted that he knew that O'Brien thought Hermann was "odd." Higbee made it clear that Hermann "gets his work done," but added that Hermann is "definitely different."

13. On August 11, 2017, Stimson terminated Hermann for his alleged conduct, despite having merely talked to Orsburn for the same alleged conduct. Hermann denied and still denies he exposed himself to anyone. Orsburn is or was in his early 20s at the time of his conduct – more than twenty (20) years younger than Hermann.

COMPLAINT: 4

14. Hermann filed a Charge of Discrimination with the Idaho Human Rights Commission and the EEOC on June 6, 2018, within the statutory period. The IHRC dismissed Hermann's complaint and issued a Right to sue letter dated July 31, 2018. The EEOC issued a Right to Sue letter with a date mailed of "August 21, 2018" for Hermann. This suit is timely filed under federal law.

15. Hermann was not able to find employment in the region until October 2018, due to Stimson's large presence in the region.

**FIRST CAUSE OF ACTION**
**AGE DISCRIMINATION (ADEA, 29 U.S.C. §623(a)(1))**

16. Hermann realleges the preceding paragraphs as if fully set forth herein.

17. Hermann is and was at all times relevant hereto over the age of forty (40). Orsburn, a man in his early 20's, reported that Hermann engaged in inappropriate sexual joking, including, but not limited to, exposing himself to Orsburn and Loibl, another man in his 20s. Loibl denied the accusations. Loibl and several other Stimson employees admitted that sexual joking and other inappropriate comments were the norm at the Plummer mill. Loibl and other employees, including supervisor Higbee, admitted that Orsburn himself engaged in the same or similar conduct that Hermann was accused of by Orsburn.

18. After a set of interviews and an investigation, Hermann was terminated. He had otherwise been performing his job well, wholeheartedly denied the allegations, and had not been reviewed during his year of employment. He had received a few pay raises during that time.

COMPLAINT: 5

19. Orsburn, a man more than 20 years younger than Hermann, was only "talked to" about the same or similar conduct as Hermann. Hermann, due to his age and being "different" was not treated the same way as someone significantly younger than him. Stimson engaged in unlawful age discrimination by disciplining him in a different way than a younger employee who was not a member of a protected class.

14. As a direct and proximate result of Stimson's unlawful age discrimination, Hermann has suffered lost wages, lost benefits, emotional distress, and other damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## STATE AGE DISCRIMINATION (I.C. §67-5901, *et seq.*)

15. Hermann realleges the preceding paragraphs as if fully set forth herein.

16. Hermann is and was at all times relevant hereto over the age of forty (40). Orsburn, a man in his early 20's, reported that Hermann engaged in inappropriate sexual joking, including, but not limited to, exposing himself to Orsburn and Loibl, another man in his 20s. Loibl denied the accusations. Loibl and several other Stimson employees admitted that sexual joking and other inappropriate comments were the norm at the Plummer mill. Loibl and other employees, including supervisor Higbee, admitted that Orsburn himself engaged in the same or similar conduct that Hermann was accused of by Orsburn.

17. After a set of interviews and an investigation, Hermann was terminated. He had otherwise been performing his job well, wholeheartedly denied the allegations, and had not been reviewed during his year of employment. He had received a few pay raises during that time.

COMPLAINT: 6

18. Orsburn, a man more than 20 years younger than Hermann, was only "talked to" about the same or similar conduct as Hermann. Hermann, due to his age and being "different" was not treated the same way as someone significantly younger than him. Stimson engaged in unlawful age discrimination by disciplining him in a different way than a younger employee who was not a member of a protected class.

19. As a direct and proximate result of Stimson's unlawful age discrimination, Hermann has suffered lost wages, lost benefits, emotional distress, and other damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fred Hermann requests the following relief:

20. Damages, including back and front pay; lost benefits, and out of pocket expenses, and any other damages in an amount to be proven at trial.

21. Pre- and post-judgment interest.

22. A name clearing and removal of his "termination" status from his Stimson personnel files.

23. Costs and attorneys' fees pursuant to applicable statute or as equity requires, including, but not limited to, 29 U.S.C. §626(b).

24. Punitive damages for pursuant to Idaho Code §67-5908.

25. All other relief that this Court deems reasonable, necessary, and just sounding in law or equity.

COMPLAINT: 7

DATED this 21st day of October 2018.

                                    GIANTlegal PLLC

                                    *s/ Robin L. Haynes*
                                    Robin L. Haynes, ISB #8425
                                    Attorneys for Plaintiff

COMPLAINT: 8