# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRED D. HERMANN, <br><br> Plaintiff, <br><br> v. <br><br> STIMSON LUMBER COMPANY, <br><br> Defendant. | Case No. 2:18-cv-00462-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Stimson Lumber Company's ("Stimson") Motion to Strike Plaintiff's Response to Defendant's First Request for Admissions. Dkt. 27. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Based on the following, the Court finds good cause to DENY Stimson's motion.

## II. BACKGROUND

On October 21, 2018, Fred Hermann filed his Complaint against Stimson alleging both federal and state age discrimination causes of action. Hermann claims that Stimson unlawfully terminated him and replaced him with someone more than 20 years younger. Stimson counters that it fired Hermann due to his inappropriate behavior.

On February 21, 2019, Stimson served its First Request for Admissions ("RFA") on Hermann. Herman timely responded on March 18, 2019, but the responding document was unsigned by either Hermann or his attorney, Robin Haynes. Four months later, on July 22, 2019, Stimson made a formal demand that Hermann submit a signed response to its first RFA, by August 2, 2019. Haynes responded via email on August 16, 2019, with Hermann's amended responses, and stated that a more formal, signed response would be served shortly thereafter. Despite this assurance, neither Hermann nor his attorney submitted a signed response to the first RFA.

While the issue concerning the first RFA was ongoing, on August 12, 2019, Haynes filed a motion to withdraw as Hermann's attorney of record. Dkt. 21. The Court granted that motion on September 11, 2019. Dkt. 25. The following day, Stimson filed the pending motion, asking the Court to deem its requests in the RFA admitted, pursuant to Rules 26(g) and 36 of the Federal Rules of Civil Procedure.

Thereafter, on September 24, 2019, the Court held all deadlines for pending and dispositive motions in abeyance until Hermann notified the Court in writing of his intent to either find another attorney to represent him or represent himself. Dkt. 29. On October 4, 2019, Hermann notified the Court that he would proceed pro se. Dkt. 30. The Court then reset the schedules and deadlines for pending and dispositive motions. Hermann did not respond to this pending motion.

### III. LEGAL STANDARD

Rule 26(g) states that every disclosure and discovery request, response, and objection must be signed "by at least one attorney of record in the attorney's own name—

or by the party personally, if unrepresented . . . ." Fed. R. Civ. P. 26(g). Further, that signature certifies that the signee has reasonably inquired as to the contents of the document and believes that it is complete, consistent with applicable rules and law, is not interposed for an improper purpose, and is not unreasonable or unduly burdensome. *Id.* If the document is not signed, "the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." *Id.*

Rule 36 extends these protections to requests for admission. This rule states that when a party has served on another party a written request to admit the truth of a matter, that matter "is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A court may order a response time different than the thirty days stated in Rule 36. *Id.*

## IV. ANALYSIS

It appears that Hermann's failure to properly respond to Stimson's RFA coincided with Haynes withdrawing as Hermann's attorney. There is a concern that, in the process of Haynes' withdrawal and Hermann's subsequent undertaking of his own case, Hermann may have overlooked his duty to respond to the RFA.[1] Though a pro se plaintiff must still abide by the Federal Rules of Civil Procedure, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), the Court is hesitant to deem Stimson's requests admitted—a rather harsh result—

---

[1] Not only has Hermann failed to appropriately respond to the RFA, but he never responded to Stimson's pending motion regarding the first RFA. The Court, however, is not concerned that Hermann has failed to prosecute his case, as he has responded to other motions and filed motions of his own subsequent to Haynes' withdrawal.

based on a procedural error, s*ee Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (stating there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits"). As such, pursuant to Rule 36(a)(3), at this time the Court will not deem Stimson's RFA admitted but will order Hermann to appropriately respond to Stimson's RFA *and sign the response document*. Hermann must do so within fourteen (14) days of this order. Failure to do so will result in Stimson's RFA deemed admitted.

## V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. Stimson's Motion to Strike Plaintiff's Response to Defendant's First Request for Admissions (Dkt. 27) is DENIED.

2. Hermann must respond to Stimson's RFA, as outlined above, within fourteen (14) days of this order.

DATED: January 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge